# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

KATHRYN STILLWELL DRESSLER,

    Plaintiff,

    v.

GEORGIA DEPARTMENT OF HUMAN
SERVICES (DHS), GEORGIA
DIVISION OF FAMILY &
CHILDREN SERVICES (DFCS),
GEORGIA DEPARTMENT OF
COMMUNITY HEALTH (DCH), and
DOES 1-20,

    Defendants.

2:26-CV-045

## ORDER

Before the Court is Plaintiff Kathryn Dressler's Motion for "Emergency Relief and Temporary Restraining Order." Dkt. No. 4. Plaintiff, who is proceeding *pro se*, seeks a temporary restraining order ("TRO") against the Georgia Department of Human Services, the Georgia Division of Family and Children Services, the Georgia Department of Community Health, and Does 1-20 to "restor[e] lawful process, ensur[e] access to the courts, and prevent[] further harm." Id. at 2. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

According to Plaintiff, she applied for Medicaid on March 2, 2026 and provided documentation establishing her disabled status. Dkt. No. 1 at 2. Plaintiff alleges Defendants failed to render a timely eligibility determination within the required forty-five-day period and failed to maintain or restore Plaintiff's Medicaid coverage despite Plaintiff's repeated notice of an urgent medical need. Id. Plaintiff alleges Defendants terminated her Medicaid coverage without providing advance written notice, failed to process eligibility under applicable disability criteria, and failed to respond to either an emergency reinstatement request submitted on April 7, 2026, or a formal multi-agency complaint submitted on May 2, 2026. Id. Plaintiff alleges that, as a direct result of Defendants' actions and inaction, Plaintiff has been deprived of access to medically necessary care, including prescribed medications and therapy, has incurred financial harm due to out-of-pocket medical expenses, and has suffered delay and prejudice in her federal disability determination due to lack of medical documentation. Id.

Plaintiff initiated this civil rights action on May 5, 2026. Dkt. No. 1. The same day, Plaintiff filed the instant Motion for Emergency Relief and Temporary Restraining Order. Dkt. No. 4. Plaintiff seeks "immediate reinstatement of Medicaid coverage, retroactive benefits, [and] injunctive relief requiring compliance

2

with federal law." Dkt. No. 1 at 3.  The record reflects Defendants have not been served with process or otherwise appeared in this federal action.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 65(a) states that a "court may issue a preliminary injunction *only on notice* to the adverse party." Fed. R. Civ. P. 65(a) (emphasis added).  Further, Rule 65(b) states the Court may provide a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

## DISCUSSION

The Court does not reach the merits of Plaintiff's claims or request for relief because her motion is procedurally deficient for failure to comply with any of Rule 65's requirements. To the extent Plaintiff moves for a preliminary injunction, the motion fails at this time because Defendants have not yet been given notice of these proceedings. See Fed. R. Civ. P. 65(a).  The Court therefore cannot grant Plaintiff this form of relief at this time.

3

Plaintiff's motion for a TRO also fails.  First, Plaintiff's allegations that Defendants have "depriv[ed] [her] of due process," "deni[ed] [her] meaningful access to the courts," "interfere[d] with parental rights," failed to "follow established legal procedures," and terminated her Medicaid coverage "without proper process" are purely conclusory.  See Dkt. No. 4 at 1. Moreover, Plaintiff fails to certify to the Court any efforts she made to provide notice of these proceedings to Defendants or any reasons why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Notice requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39 (1974). Accordingly, Plaintiff has not shown that an *ex parte* TRO is warranted.

CONCLUSION

For these reasons, Plaintiff's Motion for Emergency Relief and Temporary Restraining Order, dkt. no. 4, is **DENIED.**

**SO ORDERED** this ___6___ day of August, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA